IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SMART PARTS, INC., a Pennsylvania corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 02-1557-KI |
| vs. | ) ) | OPINION AND ORDER |
| WDP LTD., an England Company, | ) ) ) | |
| Defendant. | ) | |

    Joseph S. Makuch
    Craig Randall Rogers
    Hillary A. Brooks
    Marger Johnson & McCollom, P.C.
    1030 S. W. Morrison Street
    Portland, Oregon 97205-2626

    Vickie L. Feeman *(Pro Hac Vice)*
    Orrick, Herrington & Sutcliffe LLP
    1000 Marsh Road
    Menlo Park, California 94025

        Attorneys for Plaintiff

Stephen F. English
Scott A. Brooksby
Bullivant Houser Bailey, P. C.
300 Pioneer Tower
888 S. W. Fifth Avenue
Portland, Oregon 97204-2089

Ronald M. Wawrzyn
Foley & Lardner
777 East Wisconsin Avenue, Suite 3800
Milwaukee, Wisconsin 53202-5306

       Attorneys for Defendant

KING, Judge:

Smart Parts sued WDP Ltd ("WDP") for infringement of U.S. Patent No. 6,474,326 B1 ('326 patent). The court issued an Opinion and Order on August 23, 2004 granting WDP's motion for partial summary judgment on the issue of inventorship, and denying Smart Parts' cross-motion for summary judgment on the same issue, and finding Dr. Edward Hensel to be a joint inventor of the inventions claimed in the patent.

The court denied as moot Smart Parts' motion for summary judgment on infringement and WDP's motions requesting *Markman* hearings. The court also denied Smart Parts' claim, as part of its inventorship cross-motion, that even if Dr. Hensel were an inventor, he had no ownership rights in the patent that could be assigned to WDP because he was obligated to assign them to Smart Parts. Finally, the court denied Smart Parts' claim that Dr. Hensel was barred by laches and estoppel from making a claim of inventorship.

Subsequently, Smart Parts filed a motion for reconsideration, and on January 7, 2005, the court issued an Opinion and Order clarifying the August 23 Opinion and Order, and appointing a special master. The court asked the special master to review the evidence and summary

judgment briefings on the issue of whether Smart Parts raised sufficient questions of fact so as to defeat WDP's motion for summary judgment on inventorship.

The special master issued a report and recommendation on or around February 22, 2005. The special master did not undertake any claim construction. The special master recommended denying WDP's motion for summary judgment to the extent WDP argued that Dr. Hensel was the sole inventor. However, the special master recommended that Dr. Hensel be found a joint inventor. The court issued an Order on March 7, 2005 adopting the special master's recommendations.

Smart Parts has filed a "Motion to Modify Order to Certify Matter for Appeal Pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b), Motion to Certify Order for Immediate Appeal, and Motion for Stay Pending Appeal" (#214).

I direct that the clerk of the court enter a final judgment on WDP's third counterclaim ("Inventorship") in its Answer to Smart Parts' First Amended Complaint. This court's August 23 Opinion and Order and March 7, 2005 Order on Report and Recommendation of Special Master on Inventorship determined that Edward Hensel is a joint inventor of the '326 patent. There is no just reason for delay in entering a final judgment.

In addition, although WDP requested in its third counterclaim that this court hold the patent to be void for failing to name the correct inventors, if inventorship can be corrected pursuant to 35 U.S.C. § 256, a "district court must order correction of the patent, thus saving it from being rendered invalid." Pannu v. Iolab Corp., 155 F.3d 1344, 1350 (Fed. Cir. 1998). Accordingly, pursuant to WDP's subsequent request in its motion for summary judgment, and under the authority of 35 U.S.C. § 256, I direct the U.S. Patent Office to issue a certificate

correcting the '326 patent to properly reflect Dr. Edward Hensel as a joint inventor.[1] However, pursuant to Federal Rule of Civil Procedure 62(h), I stay enforcement of this portion of the order pending a decision on appeal.

I direct the entry of a judgment on the inventorship issue for a number of reasons. First, the inventorship claim is severable from the remaining claims. No appellate court will be asked to again decide issues concerning inventorship in a subsequent appeal. Second, the case will be more efficiently resolved if there is an immediate appeal from the partial judgment entered in this case. An immediate appeal of the partial judgment reduces the risk of a potentially needless evaluation of ownership, which would consume the valuable time and resources of this court and the parties.

In addition, pursuant to Smart Parts' request, I stay proceedings in this court pending a decision on appeal.

Finally, this court's order (#219) of March 25, 2005, denying as moot Plaintiff's Motion to Compel Discovery from Defendant (#119) and Defendant's Motion to Preclude and Motion to Compel (#126) is amended to reflect that those motions are denied with leave to renew after a decision on appeal. Smart Parts' Motion to Modify Protective Order (#153), filed July 12, 2004, is denied as moot.

Since I grant Smart Parts' request for a judgment under Federal Rule of Civil Procedure 54(b), I decline to certify the decision on inventorship for interlocutory appeal under 28 U.S.C. § 1292(b).

---

[1] Although I requested further briefing in my August 23, 2004 Opinion and Order on the remedy requested by WDP, I have decided that any additional argument on this issue is unnecessary.

Accordingly, for the reasons discussed above, Smart Parts' "Motion to Modify Order to Certify Matter for Appeal Pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b), Motion to Certify Order for Immediate Appeal, and Motion for Stay Pending Appeal" (#214) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this  19th  day of May, 2005.

 /s/ Garr M. King 
Garr M. King
United States District Judge